UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| MARK NEWTON AND ANDREA NEWTON et al., :<br>:<br>Plaintiffs, :<br>:<br>v. :<br>:<br>COUNTY OF ESSEX et al., :<br>:<br>Defendants. : | Civil Action No. 07-2229 (SRC)<br><br>**OPINION** |

**CHESLER, U.S.D.J.**

This matter has been brought before this Court on the motion to dismiss the Complaint by Defendant County of Essex. For the reasons stated below, this motion will be **GRANTED**.

According to the Verified Complaint, this dispute involves a battle between Plaintiffs and two New Jersey governmental agencies, the Essex County Welfare Agency ("ECWA") and the New Jersey Department of Human Services, Division of Family Development ("DFD"). Plaintiffs allege that, since 2004 or before, they and their three minor children began to receive benefits, including cash assistance, food stamps, and health coverage. (Ver. Compl. ¶ 49.) ECWA administered these benefits, under the supervision of DFD. (Id.) At different points over the years, ECWA has terminated and restarted the benefits, in whole or in part. (Ver. Compl. ¶¶ 5, 6.) Plaintiffs now seek to bring this dispute to federal court.

The Verified Complaint does not make clear exactly when Plaintiffs began litigation in New Jersey state court over the termination of these benefits, but it is clear that the litigation has been extensive, that the history is quite complex, and that it is ongoing. It is not clear how many different cases Plaintiffs have brought in the New Jersey state courts regarding their benefits, nor

how many are still pending, but the Verified Complaint refers to a pending appeal in ¶ 245.

On a motion to dismiss, the Court may consider exhibits attached to the complaint. Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994). Two documents attached to the Verified Complaint indicate that state court appeals are pending: 1) Judge Stern's order of February 7, 2007 states that case A-6818-03 remains pending in the Superior Court of New Jersey, Appellate Division (P.A. 267); and 2) Judge Stern's order of February 9, 2007 indicates that cases A-741-05T3 and A-3283-05 remain pending in the Superior Court of New Jersey, Appellate Division (P.A. 269).

Defendant asks this Court to refuse to exercise jurisdiction over this case pursuant to general "abstention doctrine." When a party brings to federal court a dispute that is the subject of pending litigation in state court, consideration of abstention under the *Younger* doctrine is appropriate: "*Younger* abstention reflects 'a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances.'" Gwynedd Properties, Inc. v. Lower Gwynedd Township, 970 F.2d 1195, 1200 (3d Cir. 1992) (quoting Middlesex County Ethics Committee v. Garden State Bar Ass'n, 457 U.S. 423, 431 (1982)). When considering abstention under *Younger*, a three-part test is applied:

> Abstention is appropriate when: (1) there is a pending state judicial proceeding; (2) the proceeding implicates important state interests; and (3) the state proceeding affords an adequate opportunity to raise constitutional challenges.

Zahl v. Harper, 282 F.3d 204, 209 (3d Cir. 2002) (citing Garden State, 457 U.S. at 432).

All three requirements are met here. There are ongoing state judicial proceedings. The state proceedings involve New Jersey's interest in administering the state's social service programs, and in managing the state agencies which administer them, which are substantial and important. Lastly, because New Jersey state courts and federal courts share concurrent

jurisdiction over issues of federal law, the state proceedings afford an adequate opportunity to raise the federal claims.  See Gulf Offshore Co., Div. of Pool Co. v. Mobil Oil Corp., 453 U.S. 473, 477 (1981) ("state courts may assume subject-matter jurisdiction over a federal cause of action absent provision by Congress to the contrary").  Moreover, Plaintiffs bear the burden of showing that the state proceedings cannot afford them an adequate opportunity to raise the federal claims, and they have not done so.  Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 14 (1987).  Plaintiffs' opposition brief does not address the issue of abstention.  The three prongs of the Garden State test have been met, and abstention is appropriate.

Defendant also argues that, given Plaintiffs' ongoing litigation in the Appellate Division, they must exhaust their state appellate remedies before turning to federal court.  "[A] necessary concomitant of *Younger* is that a party [wishing to contest in federal court the judgment of a state judicial tribunal] must exhaust his state appellate remedies before seeking relief in the District Court."  New Orleans Pub. Serv., Inc. v. Council of New Orleans, 491 U.S. 350, 369 (1989).  Thus, failure to exhaust state remedies provides a second ground on which to dismiss Plaintiffs' Complaint.

For these reasons, Defendant's motion to dismiss (Docket Entry No. 5) is **GRANTED**, and Plaintiffs' Complaint is hereby **DISMISSED** without prejudice.

       s/ Stanley R. Chesler
      STANLEY R. CHESLER, U.S.D.J.

Dated: August 28, 2007