**CLOSED**

NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARK NEWTON AND ANDREA NEWTON, et al., | |
| Plaintiffs, | **Civil Action No. 07-2229 (SRC)** |
| v. | **OPINION & ORDER** |
| COUNTY OF ESSEX, et al., | |
| Defendants. | |

**CHESLER**, District Judge

      This matter comes before the Court upon submission of a letter by Plaintiff Mark Newton purportedly on behalf of himself and co-Plaintiffs[1] seeking reconsideration of the Court's August 28, 2007 Order granting Defendant County of Essex's motion to dismiss the Complaint [docket item #12]. In the Opinion accompanying the August 28, 2007 Order, the Court reasoned that Plaintiffs' complaint was not properly before the federal court for two reasons. First, pending state court litigation of the underlying issues met all three prongs of the test articulated in Middlesex County Ethics Committee v. Garden State Bar Association, 457 U.S. 423, 431 (1982), making this Court's abstention from the case appropriate, and second, Plaintiffs have yet to

---

[1] Plaintiff Mark Newton is proceeding in this action pro se. Though he purports to bring this motion on behalf of the other plaintiffs, Mr. Newton is not any other party's attorney of record in this matter or, to the Court's knowledge, a licensed attorney admitted to the New Jersey Bar. Thus, the Court will consider this motion solely as it pertains to him.

exhaust their state appellate remedies. Mr. Newton seeks reconsideration of the Court's Order on the grounds that (1) his dispute was properly before the Court because Defendants' conduct constituted a violation of his civil rights, (2) he was not properly served with Defendants' reply brief or the Court's August 28, 2007 Order, and (3) the Court abused its discretion in considering Defendant's motion on the papers without allowing discovery or holding a hearing. Mr. Newton is pro se and specifically "request[s] that the Court reconsider" its August 28, 2007 Order. As the filings of pro se litigants are interpreted under less stringent standards than more formal filings drafted by lawyers, the Court will treat Mr. Newton's letter as a motion for reconsideration. See Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007); Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). Despite the leniency in interpretation of filings afforded to pro se litigants, the Court denies the instant motion for the reasons stated below.

      The Court notes that Plaintiffs filed an appeal of the Order dismissing their Complaint to the Third Circuit on September 26, 2007. Generally, when a party files a Notice of Appeal, jurisdiction over the content of the appeal is shifted from the district court to the court of appeals. Skill v. Martinez, 91 F.R.D. 498, 516-17 (1981), aff'd on other grounds, 677 F.2d 368 (3d Cir. 1982). A district court is permitted, however, to "retain limited jurisdiction over the matter being appealed if the district court's action will assist the court of appeals in its ultimate determinations." Id. at 517. In contrast, in an unpublished decision, the Third Circuit determined that a district court's order is not appealable until the district court rules on any pending motion for reconsideration. Graham v. Ferguson, 168 Fed. Appx. 498 (3d Cir. 2006) (citing Fed. R.App. P. 4(a)(4)(B)(i)).

Due to the dismissal of Plaintiffs' Complaint being premised on the existence of ongoing state court litigation, which is amply demonstrated in the papers accompanying Defendant's motion, no action by the Court can, at this juncture, be of assistance to "the court of appeals in its ultimate determinations." Martinez, 91 F.R.D. at 517.  Additionally, unlike in Graham, Mr. Newton's motion for reconsideration in this case was not timely filed.  Although Mr. Newton's motion was dated September 9, 2007, the Chambers of the undersigned received his motion on the same day that Plaintiffs filed their appeal with the Clerk's Office: September 26, 2007.  It was therefore filed outside the Local Civil Rule 7.1(i) deadline of ten business days after the entry of an order.  Furthermore, although Mr. Newton is aware how to properly file papers with the Clerk's Office, as demonstrated by the filing of Plaintiffs' Notice of Appeal, he never submitted the letter seeking reconsideration to the Clerk's Office for filing.  This Chambers filed Mr. Newton's motion subsequent to its receipt.  As such, the filing of the notice of appeal transferred jurisdiction in this matter to the court of appeals.  See Skill, 91 F.R.D. at 516-17.

For the reasons above, the Court denies Mr. Newton's motion for reconsideration. Accordingly,

**IT IS** on this 4th day of October, 2007,

**ORDERED** that Plainiffs' motion for reconsideration [docket item #17] be and hereby is **DENIED**.

    s/ Stanley R. Chesler
    STANLEY R. CHESLER
    United States District Judge